UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC., et al., | § § § | No. 1:23-CV-917-DAE |
| Plaintiffs, | § § | |
| vs. | § § § | |
| ANGELA COLMENERO, in her official capacity as Interim Attorney General for the State of Texas, | § § § § | |
| Defendant. | | |

## ORDER

Before the Court is Defendant Angela Colmenero's ("Defendant") motion to stay this Court's preliminary injunction pending appeal, (Dkt. 40). Plaintiffs Free Speech Coalition, et al., ("Plaintiffs") filed a response in opposition, (Dkt. 43). Having reviewed the record and the parties' briefing, the Court will deny the motion.

A stay "seeks to maintain the status quo pending a final determination on the merits of the suit." Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981). Here, the preliminary injunction itself maintained the status quo by ensuring that a new law cannot take effect when it is likely to violate existing First Amendment precedent. See Texas v. United States, 787 F.3d 733, 768 (5th Cir. 2015). The status quo

would be upended—not preserved—if this Court stayed its injunction. Because H.B. 1181 runs afoul of 20-year-old precedent affirming that age verification is not narrowly tailored against content filtering, the status quo is kept by enjoining its enforcement pending further review. (Order, Dkt. 36, at 33–45 (citing Ashcroft v. ACLU, 542 U.S. 656 (2004))).

Having determined the law is likely unconstitutional, the equities favor Plaintiffs, because "injunctions protecting First Amendment freedoms are always in the public interest." Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 298 (5th Cir. 2012). Indeed, the Supreme Court has repeatedly upheld preliminary injunctions against unconstitutional internet restrictions. In Reno v. ACLU, 521 U.S. 844 (1997), the Supreme Court affirmed the district court's grant of a preliminary injunction. And in Ashcroft, under almost identical circumstances, the Supreme Court noted that there are "important practical reasons to let the injunction stand pending a full trial on the merits." 542 U.S. at 670. It elaborated, "There is a potential for extraordinary harm and a serious chill upon protected speech. The harm done from letting the injunction stand pending a trial on the merits, in contrast, will not be extensive. No prosecutions have yet been undertaken under the law, so none will be disrupted if the injunction stands." Id. at 671. These cases make clear that a preliminary injunction against unconstitutional

internet restrictions both maintains the status quo and prevents Plaintiffs from suffering irreparable injury.

Nor does this Court find that Defendant is likely to succeed on appeal. The Court has detailed its analysis extensively and need not repeat it here. H.B. 1181 is subject to strict scrutiny, and Defendant's arguments against that standard rest upon the hypothetical possibility that the Supreme Court may overturn its seminal precedents in <u>Miller v. California</u>, 413 U.S. 15 (1973) and <u>Reno v. ACLU</u>, 521 U.S. And Defendant's argument as to the compelled speech cites a standard that is both inapplicable and abrogated. (Mot. Stay, Dkt. 40, at 14 (citing <u>Tex. Med. Providers Performing Abortion Servs. v. Lakey</u>, 667 F.3d 570, 577 (5th Cir. 2012))). Accordingly, and for the reasons set forth at length in this Court's preliminary injunction order, (Dkt. 36), Defendant is not likely to succeed on appeal.

**IT IS ORDERED** that the motion to stay pending appeal, (Dkt. 40), is **DENIED**.

DATED: Austin, Texas, September 6, 2023.

_____
David Alan Ezra
Senior United States District Judge