UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KEN PAXTON, In His Official Capacity As Attorney General For The State Of Texas <br><br> Defendant. | CASE NO. 1:23-cv-00917-DAE |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule CV-16(c), and following the Parties' meet and confer on November 13, 2023, the Parties hereby submit the following Joint Rule 26(f) Report under the rubric set out by Appendix N to the Local Rules:

**I.   WHAT ARE THE CAUSES OF ACTION, DEFENSES, AND ELEMENTS OF EACH?**

Under section 1983, Plaintiffs seek to enjoin enforcement of H.B. 1181 for violations of the following constitutional and federal rights: Free Speech under the First Amendment, for impermissible burdens and compulsions; Procedural Due Process under the Fourteenth Amendment, for vagueness; Substantive Due Process under the Fourteenth Amendment, for irrational deprivation of property; Equal Protection under the Fourteenth Amendment, for irrational discrimination; Excessive Fines under the Eighth Amendment; and Immunity under Section 230 of the Communications Decency Act, pursuant to the Supremacy Clause. Plaintiffs also assert claims for Declaratory Judgment to declare H.B. 1181 unconstitutional and, in the case of Section 230, preempted, for each of the above. Defendant asserts no counterclaims but

challenges Plaintiffs' claims on their merits and also asserts lack of subject-matter jurisdiction and lack of standing as general defenses.

The elements of each claim are as follows.  For Free Speech under the First Amendment, the law is unconstitutional if it compels speech impermissibly under applicable precedents and if it restricts speech impermissibly under applicable precedents.[1]  For Procedural Due Process under the Fourteenth Amendment, the law is unconstitutionally vague if it fails to provide a person of ordinary intelligence fair notice of its requirements.  For Substantive Due Process under the Fourteenth Amendment, the law is unconstitutional if it deprives Plaintiffs of a protected property right without rational basis.  For Equal Protection under the Fourteenth Amendment, the law is unconstitutional if it exempts others from its commandments without rational basis.  For Excessive Fines under the Eighth Amendment, the law is unconstitutional if the challenged fines are grossly disproportionate to the imposed offense.  For Immunity under Section 230, the law is preempted if it is applied to an interactive computer service that it treats as a publisher or speaker of information provided by another information content provider.  For Declaratory Judgment, there must be a live controversy between adverse parties as to the rights at issue.

Defendant responds that H.B. 1181 is constitutional as previously argued in its Motion to Dismiss (Dkt. # 52), Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. # 27), and Motion to Stay Pending Appeal (Dkt. # 40).  In summary, Defendant asserts that H.B. 1181 (i) passes strict scrutiny because it is narrowly tailored to achieve a compelling government interest, (ii) passes intermediate scrutiny because it is substantially related to furthering an important government interest, (iii) passes the rational basis test because it has a rational connection to

---

[1] Plaintiffs note that the Parties' briefing on the preliminary injunction motion reveals that each aspect of Plaintiffs' First Amendment claims is disputed, as thoroughly discussed by the Court in its Order thereon.  *See* Dkt. # 36.

2

accomplishing a legitimate state interest, (iv) directly advances a substantial government interest in a manner no more extensive than necessary to advance its interest, and (v) is neither vague nor overbroad. Defendant also asserts that the foreign websites and Jane Doe do not have valid constitutional claims or injuries; that Plaintiff websites are information content providers under Section 230; and that Plaintiffs' Eighth Amendment claims are not ripe because no fine has been assessed and, in any event, the fines described in H.B. 1181 are subject to the discretion of a trial court and proportional to the conduct that results in the fine. Plaintiffs dispute these arguments as previously argued in their Opposition to Defendant's Motion to Dismiss (Dkt. # 53), Reply to Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. # 30), and Opposition to Defendant's Motion to Stay Injunction (Dkt. # 43).

## II. ARE THERE ANY OUTSTANDING JURISDICTIONAL ISSUES?

Defendant challenges subject-matter jurisdiction and standing as to foreign Plaintiffs and Jane Doe. That challenge remains pending before the Court in Defendant's fully briefed motion to dismiss.

## III. ARE THERE ANY UNSERVED PARTIES?

There are no unserved parties. The Parties do not anticipate joining further parties.

## IV. ARE THERE ANY AGREEMENTS THAT CAN BE MADE ABOUT ANY FACTS OR ANY ELEMENT OF THE CLAIMS?

The Parties agree that all relevant matters are contested but will discuss potential agreements or stipulations as discovery advances.

## V. ARE THERE ANY LEGAL ISSUES THAT CAN BE NARROWED BY MOTION OR AGREEMENT?

The Parties agree that all relevant matters are contested but will discuss potential agreements or motions as the case advances.

**VI.     ARE THERE ANY PRESERVATION ISSUES?**

Plaintiffs have distributed preservation notices internally and have also requested that Defendant alert the Texas Department of Health and Human Services about the issue of preserving any information relevant to H.B. 1181's health warnings and any information otherwise discoverable under the Federal Rules of Civil Procedure.

**VII.    ARE THERE ANY ISSUES ABOUT DISCOVERY OF ELECTRONICALLY STORED INFORMATION?**

The Parties will further meet and confer to propose to a stipulated order to address the production of electronically stored information ("ESI"). Defendant has agreed to share his typical ESI protocols with Plaintiffs as a starting point.

**VIII.   WHAT ARE THE SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED?**

Without assuming any burden(s) of proof other than those imposed by law, Plaintiffs intend to conduct discovery on (i) H.B. 1181's history and rationales, including but not limited to the involvement of any third parties and Texas agencies in the drafting process or providing evidence, (ii) what conduct would or would not satisfy H.B. 1181's requirements, (iii) why social media and search engines were exempted, and (iv) the evidentiary basis for the statements H.B. 1181 compels. Other relevant topics will be addressed by expert reports and testimony, including but not limited to (i) the science surrounding the effects of pornography, (ii) the technical feasibility and impact on users of H.B. 1181's warnings, (iii) the availability, efficacy, and current use of content-filtering software, filtering by internet service providers, and age verification at the device level, (iv) the privacy and security risks of website-based age verification, (v) the effects on adults of imposing website-based age verification, (vi) the history of online data breaches, and (vii) the ease of circumvention of website-based age verification by minors. Plaintiffs anticipate serving written requests for production of documents, interrogatories and requests for admission, as well

as subpoenas for documents and depositions of third parties. Plaintiffs are also likely to seek discovery on topics pursued by Defendant.

In addition to the topics listed above, Defendant intends to conduct discovery on (i) the effectiveness, use, cost, and technical requirements of content filtering; (ii) the effectiveness, use, cost, and technical requirements of age verification, including its past, present, and future use by Plaintiffs' websites; (iii) the operations of pornographic websites, including (a) the implementation costs of H.B. 1181; (b) viewership demographics; (c) revenue; (d) content acquisition, removal, generation, review and production methods; (iv) operations, revenue, and membership of Plaintiff Free Speech Coalition, Inc.; (v) material produced by Plaintiff Jane Doe, along with more information related to Jane Doe, generally; (vi) the operation of the pornographic industry; and (vii) the interaction between youth and the pornographic industry. Defendant anticipates serving all forms of written discovery on Plaintiffs and noticing each Plaintiff for deposition. Defendant also anticipates depositions for numerous experts and third-party discovery as necessary to establish industry norms within the pornographic industry.

## IX.  HAVE INITIAL DISCLOSURES BEEN MADE OR SHOULD ANY CHANGES BE MADE IN THEIR TIMING OR FORM?

As set forth below and in the attached proposed schedules, the Parties propose deferring initial disclosures until 14 days after the Court rules on Defendant's motion to dismiss.

| Matter | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Deadline To Amend Pleadings Or Join Additional Parties | 7 days after the Court rules on Defendant's motion to dismiss | October 4, 2024 |
| Initial Disclosures | 14 days after the Court rules on Defendant's motion to dismiss | 14 days after Defendant's Answer is due. |
| Plaintiffs' Disclosure Of Expert Witnesses And Reports | January 31, 2024 | December 9, 2024 |

| | | |
|---|---|---|
| Defendant's Disclosure Of Expert Witnesses And Reports | January 31, 2024 | January 9, 2025 |
| Deadline To Designate Rebuttal Experts | 7 days after receipt of expert report | 14 days after receipt of expert report |
| Deadline To Object To Expert Testimony Per Federal Rule Of Evidence 702 | 10 days after receiving expert report or deposition transcript, whichever is later | 30 days after receiving expert report or deposition transcript, whichever is later |
| Discovery Cutoff | March 31, 2024 | March 3, 2025 |
| Deadline To File Dispositive Motions | April 15, 2024 | March 31, 2025 |
| Trial Date | To be set by the Court after ruling on dispositive motions | To be set by the Court after ruling on dispositive motions |

Plaintiffs request their proposed schedule on the grounds that (i) they are potentially exposed to liability in the absence of an operative preliminary injunction, which is currently stayed by the Fifth Circuit, and (ii) Plaintiffs' proposed schedule accounts for the reality that any delay in resolving the First Amendment merits will, in the absence of preliminary relief, necessarily entail corresponding prospect of chill, burdens, and other irreparable harm that cannot be addressed until this Court can render final judgment on a fully developed record.  Defendant requests his proposed schedule on the grounds that (i) the Fifth Circuit's decision on Defendant's appeal and request to stay the injunction will have already considered Plaintiffs' assertions of interim harm, and the balance of equities more generally, and (ii) the Defendant's proposed schedule is notably time-conscious and represents the minimum time required to complete extensive discovery and develop the record for a thirteen-plaintiff case with significant precedential value and numerous specialized and technical issues (e.g., the health warnings and the implementation of content filtering and age verification).

X.   **HAS ANY DISCOVERY BEEN COMPLETED? HAVE THE PARTIES CONSIDERED PHASING DISCOVERY OR LIMITING IT?**

No discovery has been completed. The Parties agree that discovery should not be conducted in phases or be limited to particular issues and should, instead, proceed in accordance with the rules and limits imposed by the Federal Rules of Civil Procedure and the Local Rules.

XI.  **WHAT DISCOVERY DISPUTES EXIST, IF ANY?**

No discovery disputes exist at this time. The Parties intend to preserve all privileges, including the attorney-client privilege and work-product privileges. The Parties intend to abide by the Federal Rules of Civil Procedure, the Local Rules, and all applicable laws pertaining to claims of privilege. The Parties will later meet and confer regarding the need to exchange privilege logs, the timing of any such exchange, and the content of any privilege logs that must be exchanged. The Parties have already agreed that communications occurring after the filing of Plaintiffs' Complaint need not be logged.

XII. **HAVE THE PARTIES DISCUSSED FILING A PROPOSED ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502?**

The Parties are meeting and conferring to propose a joint protective order that will include a provision addressing this topic.

XIII. **HAVE THE PARTIES DISCUSSED EARLY MEDIATION?**

The Parties have agreed to file a joint motion to be exempt from mandatory mediation and alternative dispute resolution. However, the Parties have agreed to keep a channel open for future negotiations.

XIV. **HAVE THE PARTIES CONSIDERED A PROTECTIVE ORDER AND ARE THERE ANY OTHER ITEMS REQUIRING THE COURT'S ATTENTION?**

The Parties are meeting and conferring to propose a joint protective order modeled after or identical to Appendix H-2 to the Local Rules. As to other items, the Parties do not believe that

any changes are necessary or should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure and Local Rules. Because the Parties are unsure of the need to take more than 10 depositions of fact witnesses per side (not including expert witnesses), the Parties reserve their right to seek leave of the Court to do so. The Parties will also meet and confer regarding any discovery sought from or in relation to Jane Doe to establish rules to protect their identity. Finally, the Parties do not consent to a Magistrate Judge to preside over this action for all purposes, including trial.

DATED:  November 28, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     /s/  *Scott Cole*
Scott Cole
Attorney for Plaintiffs

DATED:  November 28, 2023

OFFICE OF THE TEXAS ATTORNEY GENERAL

By     /s/  *John Ramsey*
John Ramsey
Assistant Attorney General
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, a true and correct copy of the foregoing document, as well as the attachments Plaintiffs' Scheduling Recommendations and Defendant's Scheduling Recommendations, was served via the Court's CM/ECF system to all counsel of record.

DATED:  November 28, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     /s/  *Scott Cole*
Scott Cole
Attorney for Plaintiffs