UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KEN PAXTON, In His Official Capacity As Attorney General For The State Of Texas <br><br> Defendant. | CASE NO. 1:23-cv-00917-DAE |

## PLAINTIFFS' SCHEDULING RECOMMENDATIONS

Plaintiffs recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. The parties will file a joint motion to be exempt from alternative dispute resolution, since this action is not susceptible to alternative resolution.

2. Similarly, the parties will file a joint motion to be exempt from the obligation to attempt settlement, since this action is not susceptible to settlement.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties **within 7 days** after this Court rules on Defendant's motion to dismiss.

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials

1

required by FED. R. CIV. P. 26(a)(2)(B) by **January 31, 2024**. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by **January 31, 2024**. All designations of rebuttal experts shall be designated **within 7 days** of receipt of the report of the opposing expert. Initial disclosures shall be due **14 days** after the Court rules on Defendant's motion to dismiss.

5.      An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, **within 10 days** of receipt of the written report of the expert's proposed testimony, or **within 10 days** of the expert's deposition, if a deposition is taken, whichever is later.

6.      The parties shall complete all discovery on or before **March 31, 2024.** Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.      All dispositive motions shall be filed no later than **April 15, 2024**. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length. Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e). If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.

8.      The hearing on dispositive motions will be set by the Court after all responses and replies have be filed.

9.      The trial date will be determined at a later date by the Court, after dispositive motions have been ruled on. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial.  At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

10.     All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on November 13, 2023, and the parties have disagreed as to its contents. The positions and reasons for the disagreement as to the contents of the proposed scheduling order are included in the parties' Rule 26 Report.