**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC, et. al., | § § § | |
|     *Plaintiffs*, | § | |
| v. | § § | Civil Action No. 1:23-cv-00917-DAE |
| KEN PAXTON, in his official capacity as Attorney General for the State of Texas, | § § § § | |
|     *Defendant*. | § | |

**DEFENDANT'S SCHEDULING RECOMMENDATIONS**

Defendant recommends that the following deadlines be entered in the scheduling order to control the course of this case:

1. The parties will file a joint motion to be exempt from alternative dispute resolution since this action is not susceptible to alternative resolution.

2. The parties will file a joint motion to be exempt from obligations to attempt settlement since this action is not susceptible to settlement.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **October 4, 2024**.

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by **December 9, 2024**. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by **January 9, 2025**. All designations of rebuttal experts shall be designated within **14 days** of receipt of the report of the opposing expert. Initial disclosures shall be due **14 days** after the due date of Defendant's Answer.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **30** days of receipt of the written report of the expert's proposed testimony, or within **30** days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before **March 3, 2025**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **March 31, 2025**. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length. Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e). If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.

8. The hearing on dispositive motions will be set by the Court after all responses and replies have be filed.

9. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

10. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on **November 13, 2023**, and the parties have **disagreed** as to its contents. The positions and reasons for the disagreement as to the contents of the proposed scheduling order are included in the parties' Rule 26 Report.