UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC., MG PREMIUM LTD, MG FREESITES LTD, WEBGROUP CZECH REPUBLIC, A.S., NKL ASSOCIATES S.R.O., SONESTA TECHNOLOGIES S.R.O., SONESTA MEDIA S.R.O., YELLOW PRODUCTION S.R.O., PAPER STREET MEDIA, LLC, NEPTUNE MEDIA LLC, JANE DOE, MEDIAME SRL, MIDUS HOLDINGS, INC., *Plaintiffs* | § § § § § § § § § § § § § § § | No. 1:23-CV-00917-DAE |
| v. | § § | |
| KEN PAXTON, IN HIS OFFICIAL CAPACITY AS TEXAS ATTORNEY GENERAL; *Defendant* | § § § § | |

**SCHEDULING ORDER**

The parties dispute the scheduling order that should apply in this case. *See* Dkt. 57, at 5-6. The District Judge, therefore, referred the parties' dispute to the undersigned "to meet with all parties in this case to discuss scheduling deadlines and to enter a scheduling order to control this case." Dkt. 58. The Court set the matter for hearing, and after considering the parties' competing proposals and the arguments at that hearing, the Court enters the following dates to control the course of the case

1. The parties' Joint Federal Rule of Civil Procedure 26 Report indicates that they intend to jointly request to be excused from mandatory mediation. Dkt. 57,

1

at 7. The Court agrees that under the circumstances of this case, mandatory mediation should not be imposed and therefore excuses the parties from filing a report in accordance with Rule 88.

2. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **January 31, 2024**.

3. The parties' initial disclosures required by Rule 26(a)(1) shall be due **14 days** after Defendant's Answer is due.

4. All parties shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **April 30, 2024**. All designations of rebuttal experts shall be designated within **14 days** of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **30 days** of receipt of the written report of the expert's proposed testimony, or within **30 days** of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before **July 1, 2024**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **July 31, 2024**. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive

motions shall be limited to 20 pages in length. Replies, if any, shall be limited to 10 pages in length in accordance with Local Rule CV-7(e). If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.

    8.    The hearing on dispositive motions will be set by the Court for a date after the deadline for responses and replies.

    9.    The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

**IT IS SO ORDERED.**

SIGNED December 12, 2023.

                              DUSTIN M. HOWELL
                              UNITED STATES MAGISTRATE JUDGE