FILED
October 06, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____pg_____
         DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC., WEBGROUP CZECH REPUBLIC, A.S., NKL ASSOCIATES, S.R.O., <br><br>*Plaintiffs*, <br><br>v. <br><br>KEN PAXTON, in his official capacity as Attorney General of the State of Texas, <br><br>*Defendant*. | CIVIL ACTION NO. 1:23-cv-917-DAE |

**PLAINTIFFS' AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. The Texas statute at issue in this case requires any "commercial entity that knowingly and intentionally publishes or distributes material on an Internet website, including a social media platform, more than one-third of which is sexual material harmful to minors" to implement certain age verification methods and display certain "health warnings" about viewing pornography and a notice of a helpline for "mental health or substance use disorders." *See* Tex. Civ. Prac. & Rem. Code §129B.001 *et seq* (the "Statute").

2. On August 31, 2023, after briefing and argument, this Court granted a preliminary injunction against the enforcement of both (1) the age verification provision, and (2) the health warnings and notice provisions of the law on First Amendment grounds. *See* Dkt. No. 36. The Fifth Circuit affirmed the injunction with respect to the health warnings and notice provisions and reversed with respect to the age verification provision, *see Free Speech Coalition, Inc. v. Paxton*, 95 F.4th 263 (5th Cir. 2024). The Supreme Court then affirmed the Fifth Circuit with respect to the age verification provision, *see Free Speech Coalition, Inc. v. Paxton*, 606 U.S. ---, 145 S.Ct.

2291 (2025). This Court's injunction as to enforcement of the health warning and notice provisions remains in effect. By this Amended Complaint, Plaintiffs proceed with their challenge to the constitutionality of the health warnings and notice requirements of the Statute.

3. Plaintiffs WebGroup and NKL also proceed with their challenge to the constitutionality of the Statute under the Supremacy Clause because the Statute is pre-empted by 47 U.S.C. § 230.

## JURISDICTION AND VENUE

4. This case presents federal questions within this Court's jurisdiction pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(3). Plaintiffs bring this action pursuant to 42 U.S.C. §§1983 and 1988 (deprivation of rights, privileges, and immunities secured by the Constitution and federal law) and 28 U.S.C. §§ 2201-02 (declaratory judgment as to an actual controversy).

5. Venue is proper pursuant to 18 U.S.C. § 1391(b). The challenged law was passed in Austin, Texas, which is where the Attorney General performs his duties.

## PARTIES

6. Plaintiff Free Speech Coalition, Inc. ("FSC") is a not-for-profit trade association organized under the laws of California with its principal place of business in Canoga Park, California. FSC assists filmmakers, producers, distributors, wholesalers, retailers, internet providers, performers, and other creative artists located throughout North America in the exercise of their First Amendment rights and in the vigorous defense of those rights against censorship. Founded in 1991, the Free Speech Coalition has among its members hundreds of businesses and individuals involved in the production, distribution, sale, and presentation of constitutionally protected adult content disseminated to consenting adults via the internet. FSC has had to devote

substantial time and attention away from its usual operations as a result of the warning and notice requirements at issue. FSC sues on its own behalf and on behalf of its members to vindicate its own constitutional rights, its members' constitutional rights, and the rights of its members' owners, officers, employees, and current and prospective readers, viewers, and customers.

7. Plaintiff WebGroup Czech Republic, a.s. ("WebGroup"), is a corporation organized under the laws of the Czech Republic, with its principal place of business in Prague, Czech Republic, that operates xvideos.com ("XVideos"), a popular free adult entertainment website that hosts content uploaded, owned, copyrighted, and controlled by third party content creators.

8. Plaintiff NKL Associates, s.r.o. ("NKL"), is a limited liability company organized under the laws of the Czech Republic, with its principal place of business in Prague, Czech Republic, that operates xnxx.com ("Xnxx"), a popular free adult entertainment website that hosts content uploaded, owned, copyrighted, and controlled by third party content creators.

9. Defendant Ken Paxton is a person within the meaning of Section 1983 of Title 42 of the United States Code and currently serves as the Attorney General of the State of Texas. The Texas Attorney General is tasked with enforcing the Statute and its various requirements. More specifically, the law expressly authorizes the attorney general to file suit to enjoin its violation, recover a civil penalty, and obtain other relief deemed appropriate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 129B.006. The Attorney General of Texas is thus solely and directly responsible for the enforcement of the law. Attorney General Paxton is sued in his official capacity.

## FACTS

### A. The Health Warnings and Notice Requirement

10. Texas Civil Practice and Remedies Code Section 129B.002 and Section 129B.004(1) together provide that "commercial entit[ies] that knowingly and intentionally publish[] or distribute[ ] material on an Internet website, including a social media platform, more than one-third of which is sexual material harmful to minors … must display the following notices on the landing page of the Internet website on which sexual material harmful to minors is published or distributed and all advertisements for that Internet website in 14-point font or larger:"

> "TEXAS HEALTH AND HUMAN SERVICES WARNING: Pornography is potentially biologically addictive, is proven to harm human brain development, desensitizes brain reward circuits, increases conditioned responses, and weakens brain function."

> "TEXAS HEALTH AND HUMAN SERVICES WARNING: Exposure to this content is associated with low self-esteem and body image, eating disorders, impaired brain development, and other emotional and mental illnesses."

> "TEXAS HEALTH AND HUMAN SERVICES WARNING: Pornography increases the demand for prostitution, child exploitation, and child pornography."

11. In addition, Section 129B.002 and Section 129B.004(2) together provide that those same entities must also display the following notice at the bottom of every page of the Internet website in 14-point font or larger:

> "U.S. SUBSTANCE ABUSE AND MENTAL HEALTH SERVICES ADMINISTRATION HELPLINE:
> 1-800-662-HELP (4357)

THIS HELPLINE IS A FREE, CONFIDENTIAL INFORMATION SERVICE (IN ENGLISH OR SPANISH) OPEN 24 HOURS PER DAY, FOR INDIVIDUALS AND FAMILY MEMBERS FACING MENTAL HEALTH OR SUBSTANCE USE DISORDERS. THE SERVICE PROVIDES REFERRAL TO LOCAL TREATMENT FACILITIES, SUPPORT GROUPS, AND COMMUNITY-BASED ORGANIZATIONS."

12. Section 129B.006 authorizes the Attorney General to enforce these requirements: "If the attorney general believes that an entity is knowingly violating or has knowingly violated this chapter and the action is in the public interest, the attorney general may bring an action in a Travis County district court or the district court in the county in which the principal place of business of the entity is located in this state to enjoin the violation, recover a civil penalty, and obtain other relief the court considers appropriate." §129B.006(a). In addition, "[t]he attorney general may recover reasonable and necessary attorney's fees and costs incurred in an action under this section." §129B.006(d).

B.   **Compelled Speech and the Falsity of the Warnings**

13. There is no scientific support for the bold assertions required by the law's mandated "health warnings." In fact, most are false and based on discredited "pop culture science," including the statement that pornography causes mental health disorders.

14. Furthermore, pornography is a highly controversial topic, with certain groups seeking to censor constitutionally protected adult content by falsely characterizing pornography a public health crisis on the basis of misconstrued or inaccurate studies.

15. Plaintiffs strongly disagree with every statement, express and implied, in the speech that the State purports to compel by §129B.004.

16. Complying with the health warnings and notice requirements to speak messages approved by the Texas government is both impossible and unduly burdensome: impossible, because the law requires "14-point font," but font size on websites is measured by pixels ("px") not points ("pt"), and unduly burdensome, because the length of the mandated messages would dwarf and drown out the advertisements the law requires the messages to accompany.

17. Moreover, although the messages are labeled "TEXAS HEALTH AND HUMAN SERVICES WARNING," on information and belief, these messages were never approved by health professionals at that agency. The Texas Health and Human Services website provides information about Medicare coverage, Men's Health Month, low-income food programs, disaster relief programs, and "hundreds of other programs and services that help more than 7 million Texans a month live better lives."[1] There is a section devoted solely to mental health and substance abuse issues with links to information about adult mental health, adult substance abuse, children's mental health, crisis services, mental health and substance abuse resources, state hospitals, and youth substance abuse. Another section consists entirely of links to data and statistics.[2] Nowhere on its expansive website does the Texas Health and Human Services make claims about the detrimental effect of pornography.

18. Similarly, the phone number set forth in the notice requirement in Section 129B.004(2) which is required to be published at the bottom of every website page is for the US Substance Abuse and Mental Health Services Administration (SAMHSA) Hotline. There is no indication that anyone calling this helpline looking for information about any effects of

---

[1] *See* https://www.hhs.texas.gov/services/mental-health-substance-use
[2] *See* https://www.hhs.texas.gov/about/records-statistics/data-statistics

pornography will receive it there. The required inclusion of these messages is performative and useless.

19. Indeed, so-called "addiction" to pornography is not medically or scientifically supported. The American Psychiatric Association (APA) does not recognize pornography or sexual addiction as a mental health disorder. The DSM-5 TR, the standard manual of classification of mental disorders used by mental health clinicians and physicians, explicitly rejects the concept of sex addiction as unsupported by peer-reviewed evidence. The American Association of Sexuality Educators, Counselors and Therapists (AASECT) and the Association for the Treatment and Prevention of Sexual Abuse (ATSA) have publicly rejected claims of pornography addiction as empirically unsupported.

20. In addition, aside from being false and misleading, the health warning and notice requirements of Section 129B.004 deprive Plaintiffs of the goodwill of their Texas customers by implying that their content poses substantial health risks to those who consume it.

**C.    Overbreadth**

21. Even if the State were able to proffer evidence supporting a constitutional application of the health warnings and notice provisions as to *some* online covered content (which the State cannot), those applications would be dwarfed by the unconstitutional applications across a landscape of online content that, while "prurient" and "offensive" with respect to *minors*, is constitutionally protected as to adults who nevertheless will be forced to receive the false messaging.

22. As the health warnings and notice provisions conscript speakers into carrying contested government messages in a wide range of online settings, their unconstitutional reach substantially outweighs any valid application, rendering those provisions facially overbroad.

**D.     Application of the Statute to Websites and Social Media Platforms With More Than One Third "Sexual Material Harmful to Minors"**

23.     The Statute imposes an obligation on commercial entities to implement age verification and health warning notices on their websites and social media platforms if they "knowingly and intentionally publish[] or distribute[] material . . . more than one-third of which is sexual material harmful to minors." Sec. 129B.002; 129 B.003.

24.     WebGroup and NKL operate "tube sites" that enable third-party generated content to be posted on their websites. WebGroup and NKL do not generate their own content, but host content created by others. That is, Web Group and NKL are not responsible, in whole or in part, for the creation or development of third-party content posted on their websites.

25.     The Statute requires commercial entities, such as WebGroup and NKL, who host third-party content that qualifies as "sexual material harmful to minors" to monitor their websites to determine whether the total amount of such content exceeds one third of all content available on the platform.

26.     If commercial entities, such as WebGroup and NKL, host third-party generated content exceeding the "one third" threshold for "sexual material harmful to minors," the Statute imposes health warning disclosure and age-verification requirements that are based on WebGroup and NKL's decisions to publish, or not to remove, content entirely generated and posted by third parties, and to base their decisions on the nature of that content.

27.     Commercial entities that do not have the age-verification processes or health warnings specified by the Statute in place, like the vast majority of commercial websites in operation, thus face liability under the Statute based solely on the nature of content entirely generated and posted on their websites by third-parties, and the commercial entities' decisions to allow that material to be published on their websites or not to remove it.

28. Commercial entities that do not have the age-verification processes or health warnings specified by the Statute in place must screen, remove, modify, or supplement the content on their website or social media platforms to ensure that not more than one third of all available content qualifies as "sexual material harmful to minors."

29. The Statute thus imposes editorial and oversight duties on website operators such as WebGroup and NKL and holds them liable as publishers of third-party generated content if they exceed the "one-third" threshold for hosting "sexual material harmful to minors" and do not implement either the health warning notices or the age verification measures specified by the Statute.

## CAUSES OF ACTION

### COUNT I: Section 1983 (All Plaintiffs)

### (First and Fourteenth Amendments)

30. Plaintiffs reallege and incorporate each of the foregoing paragraphs.

31. The Statute's health warnings and notice requirements are unconstitutional under the First and Fourteenth Amendments to the United States Constitution for the following reasons:

    a. The warning and notice requirements compel website operators to speak a controversial government message that is both contrary to their views and false, unsupported, and misleading;

    b. The warning and notice requirements are content-based regulations of speech subject to strict scrutiny, which they cannot survive;

    c. The warning and notice requirements, even if evaluated as commercial speech regulations under the test set forth in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980), or under intermediate scrutiny, cannot survive;

    d. The warning and notice requirements do not further any governmental interest, compelling, substantial, or otherwise, and thus are unconstitutional under strict scrutiny, *Central Hudson*, and intermediate scrutiny;

9

  e. The warning and notice requirements are not the least restrictive means, nor narrowly tailored, to further any governmental interest, and thus are unconstitutional under strict scrutiny, *Central Hudson*, and intermediate scrutiny;

  f. The warning and notice requirements were adopted without valid empirical information to support them;

  g. The data and information on which the State relied to support the health warning and notice requirements was invalid, flawed in several respects, and shoddy, and does not support or justify the law under any standard;

  h. The health warning and notice requirements are substantially overbroad.

32. By reason of the adoption and threatened enforcement of the Statute's health warning and notice requirements, Defendant will deprive Plaintiffs and their members of their rights secured by the First and Fourteenth Amendments to the Constitution to engage in protected expressive activity, to not be compelled to speak by the government, and to be free of overbroad laws, all of which threatens to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

33. By reason of the Statute's health warning and notice requirements and the irreparable harm Plaintiffs will suffer if the Statute is enforced, Plaintiffs are entitled to a continuation of the preliminary injunction previously entered by this Court as to the health warning and notice provisions of the Statute. Plaintiffs now seek permanent injunctive relief consistent with the Court's preliminary injunction.

### COUNT II: Section 1983

### (Plaintiffs WebGroup and NKL)

### (The Supremacy Clause and Section 230)

34. WebGroup and NKL reallege and incorporate each of the foregoing paragraphs.

35. Under the Supremacy Clause of the United States Constitution, the laws of the United States are "the supreme law of the land."

36. Federal law confers a right of immunity on interactive computer services, including website and social media platforms, for content that third parties have created and posted on their platforms. 47 U.S.C. § 230(c)(1) states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(e)(3) states: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."

37. WebGroup and NKL, as operators of websites, are providers of an "interactive computer service" under Section 230.

38. WebGroup and NKL, as operators of websites, host third-party content and do not generate their own content.

39. WebGroup and NKL are not responsible, in whole or in part, for the creation and development of the third-party content posted on their websites.

40. The Statute imposes liability on websites and social media platforms for failing to comply with its age verification and health warning requirements if they "knowingly and intentionally publish[] or distribute[] material on an Internet website, including a social media platform, more than one-third of which is sexual material harmful to minors." Sec. 129B.002; Sec. 129B.003.

41. The Statute treats WebGroup and NKL as publishers of third-party posted content insofar as it imposes a duty on website operators to monitor, remove, supplement, or alter content on their website or social media platforms to ensure that the percentage of content that falls within the law's definition of "sexual material harmful to minors" does not exceed one third.

42. The Statute further treats WebGroup and NKL as publishers of third-party posted content insofar as it imposes health warning disclosure requirements, age-verification

11

requirements, and civil liability on website operators arising from their conduct in publishing, monitoring, removing, supplementing, or altering third-party content on their websites or social media platforms, which requirements and liability depend entirely on the nature of that third-party created content.

43. As applied to WebGroup and NKL, the Statute is unconstitutional under the Supremacy Clause and preempted by Section 230 because it imposes liability on website operators, as publishers, for their failure to monitor, alter, supplement, or remove third-party content if they do not comply with the requirements specified by the law.

### COUNT III: Section 1983 & 28 U.S.C. §§ 2201-02 (All Plaintiffs)

### (Declaratory Judgment)

44. Plaintiffs reallege and incorporate the foregoing paragraphs.

45. There is a present and justiciable dispute as to whether Defendant's enforcement of the warning and notice requirements violates the Plaintiffs' rights under the U.S. Constitution and federal law, as stated in Count I.

46. The interests of Plaintiffs, on the one hand, and Defendant, on the other, are real and adverse.

47. Absent court intervention, which would resolve the dispute over the lawfulness of the health warning and notice requirements, Defendant will proceed to enforce those provisions even though they are unconstitutional and void.

48. Plaintiffs accordingly seek a declaratory judgment that those provisions are unconstitutional and unenforceable.

**COUNT IV: Section 1983 & 28 U.S.C. §§ 2201-02 (Plaintiffs WebGroup and NKL)**

**(Declaratory Judgment)**

49. WebGroup and NKL reallege and incorporate the foregoing paragraphs,

50. There is a present and justiciable dispute as to whether Defendant's enforcement of the Statute violates WebGroup and NKL's rights under the U.S. Constitution and federal law, as stated in Count II.

51. The interests of WebGroup and NKL, on the one hand, and Defendant, on the other, are real and adverse.

52. Absent court intervention, which would resolve the dispute over the lawfulness of the Statute, Defendant will proceed to enforce those provisions even though they are unconstitutional and void.

53. WebGroup and NKL accordingly seek a declaratory judgment that those provisions are unconstitutional and unenforceable.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court award the following relief:

A. The continuation of the preliminary injunction entered by this Court as to the Statute's warning and notice requirements;

B. Entry of a permanent injunction against Defendant, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with those who receive actual notice of the injunction, from enforcing the Statute's warning and notice requirements;

C. A judgment declaring that the Statute's warning and notice requirements are unconstitutional and unenforceable as a violation of the First and Fourteenth

13

Amendments;

D.      A judgment in favor of WebGroup and NKL declaring that the Statute is unconstitutional and unenforceable because it is preempted by 47 U.S.C. § 230.

E.      An award of their reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988; and

F.      All other relief the Court deems just and proper.

Respectfully submitted,

*/s/ J. Michael Murray*
J. Michael Murray (*pro hac vice*)
Berkman Gordon Murray & DeVan
55 Public Square, Suite 2200
Cleveland, OH 44113
216-781-5245
jmmurray@bgmdlaw.com

Jeffrey Sandman (*pro hac vice*)
Sandman Law
5208 Magazine St., Suite #364
New Orleans, LA 70115
978-886-0639
jeff@sandman-law.com

D. Gill Sperlein (*pro hac vice*)
Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94114
(415) 404-6615
gill@sperleinlaw.com

Lane A. Haygood
Texas Bar No. 240660
Odessa, Texas 79761
432-279-0411
lane@haygoodlawfirm.com

Counsel for Plaintiff Free Speech Coalition, Inc.

*/s/ Sean Gorman*
Sean Gorman

Texas Bar No. 08218100
White & Case LLP
609 Main Street, Suite 2900
Houston, TX 77002
(713) 496-9676
sean.gorman@whitecase.com

Counsel for Plaintiffs WebGroup Czech Republic, A.S. and NKL Associates S.R.O

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, a true and correct copy of Plaintiffs' Amended Complaint for Injunctive and Declaratory Relief was served via the Court's CM/ECF system to all counsel of record.

*/s/ J. Michael Murray*
J. Michael Murray (*pro hac vice*)
Berkman Gordon Murray & DeVan

One of the Attorneys for Plaintiff Free Speech Coalition, Inc.

*/s/ Sean Gorman*
Sean Gorman
White & Case LLP

Counsel for Plaintiffs WebGroup Czech Republic, A.S. and NKL Associates S.R.O