UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC, et. al., § § § § § § § § § § § | |
| Plaintiffs, | |
| v. | Civil Action No. 1:23-cv-00917-DAE |
| KEN PAXTON, in his official capacity as Attorney General for the State of Texas, | |
| Defendant. | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Ken Paxton in his official capacity as Attorney General of Texas, files this Original Answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief.

Pursuant to FRCP 8(d), Defendant denies each and every allegation contained in Plaintiffs' Complaint except those expressly admitted below. The headings and numbered paragraphs below correspond to the sections and numbered paragraphs of the Complaint. Some headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained in those headings.

### DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

#### INTRODUCTION

1. Defendant admits that HB 1181 contains the quoted provisions

2. Defendant agrees with the procedural history and posture contained in this paragraph.

3. Defendant denies that the preliminary injunction should have been granted and denies that Plaintiffs are entitled to any relief sought herein.

## JURISDICTION AND VENUE

4. Defendant denies either of the two plaintiffs named has the ability to challenge the constitutionality of the statute and defendant denies that the statute is preempted by federal law in any respect.

5. Defendant admits venue is proper in Travis County, Texas.

## PARTIES

6. Defendant admits that the Free Speech Coalition is a non-profit trade association.

7. Defendant has insufficient knowledge to either admit or deny the allegations in paragraph

8. Defendant has insufficient knowledge to either admit or deny the allegations in paragraph

9. Defendant admits that Ken Paxton is an individual serving as Attorney General for the state of Texas. Defendant further admits that he is responsible for enforcing the challenged statute.

## FACTS

### A. The Health Warnings and Notice Requirement

10. Defendant admits that Texas Civil Practice and Remedies Code Section 129B.002 is being correctly quoted.

10. Defendant admits that Texas Civil Practice and Remedies Code Section 129B.002 and 129B.004(2) are being correctly quoted.

11. Defendant admits that Texas Civil Practice and Remedies Code Section 129B.006 contains the quoted provision.

### B. Compelled Speech and the Falsity of the Warnings

12. Defendant denies the allegations in paragraph 13.

13. Defendant denies the allegations in paragraph 14.

14. Defendant admits that Plaintiffs disagree with the required warnings.

15. Defendant denies the allegations in paragraph 16.

16. Defendant denies the allegations in paragraph 17.

17. Defendant denies the allegations in paragraph 18.

18. Defendant denies the allegation in paragraph 19.

19. Defendant denies the allegations in paragraph 20.

## C. Overbreadth

20. Defendant denies the allegations in paragraph 21.

21. Defendant denies the allegations in paragraph 22.

## D. Application of the Statute to Websites and Social Media Platforms with More Than One Third "Sexual Material Harmful to Minors"

22. Defendant admits the statute requirements are accurately stated in paragraph 23.

23. Defendant denies the allegations in paragraph 24.

24. Defendant is without sufficient information to admit or deny the allegations in paragraph 25.

25. Defendant denies the allegations in paragraph 26.

26. Defendant denies that there is any question about the 30% threshold for these two plaintiffs.

27. Defendant denies the allegations contained within paragraph 28.

28. Defendant denies the allegations contained within paragraph 29.

**CAUSES OF ACTION**
**COUNT I: SECTION 1983 (ALL PLAINTIFFS)**
**(THE FIRST AND FOURTEENTH AMENDMENT)**

29. Defendant incorporates its previous responses to the foregoing paragraphs.

30. Defendant denies the allegations contained within paragraph 32(a)-(h).

31. Defendant denies the allegations contained within paragraph 33.

32. Defendant denies the allegations contained within paragraph 34 and defendant denies that plaintiffs are entitled to any relief.

## COUNT II: SECTION 1983 (PLAINTIFFS WEBGROUP AND NKL)
## (THE SUPREMACY CLAUSE AND SECTION 230)

33. Defendant incorporates its previous responses to the foregoing paragraphs.

34. Defendant admits that Federal Law is supreme when applicable.

35. Defendant denies that the immunity quoted in paragraph 37 applies to this case or to these plaintiffs.

36. Defendant denies the allegations contained within paragraph 38.

37. Defendant is without sufficient information to admit or deny the allegations in paragraph 39.

38. Defendant is without sufficient information to admit or deny the allegations in paragraph 40.

39. Defendant admits that the challenged statute's requirements are correctly stated.

40. Defendant denies the allegations in paragraph 42.

41. Defendant denies the allegations in paragraph 43.

42. Defendant denies that Section 230 applies to plaintiffs.

## COUNT III: SECTION 1983 & 28 U.S.C. §§ 2201-02 (ALL PLAINTIFFS)
## (DECLARATORY JUDGMENT)

43. Defendant incorporates its previous responses to the foregoing paragraphs.

44. Defendant denies the allegations contained within paragraph 46.

45. Defendant denies the allegations contained within paragraph 47.

46. Defendant denies the allegations contained within paragraph 48.

47. Defendant denies that plaintiffs are entitled to declaratory relief.

## COUNT IV: Section 1983 & 28 U.S.C. §§ 2201-02 (PLAINTIFFS WEBGROUP AND NKL)
## (DECLARATORY JUDGMENT)

48. Defendant incorporates its previous responses the foregoing paragraphs.

49. Defendant denies the allegations in paragraph 51.

50. Defendant denies the allegations in paragraph 52.

51. Defendant denies the allegations in paragraph 53.

52. Defendant denies that plaintiffs are entitled to declaratory relief.

## PRAYER FOR RELIEF

A. Defendant denies that plaintiffs are entitled to injunctive relief.

B. Defendant denies that plaintiffs are entitled to injunctive relief.

C. Defendant denies that plaintiffs are entitled to declaratory relief.

D. Defendant denies that plaintiffs are entitled to any relief based on their complaint.

E. Defendant denies that plaintiffs are entitled to their reasonable costs and attorney's fees in this case.

F. Defendant denies that plaintiffs are entitled to any relief based on their complaint.

## CONCLUSION

Wherefore, premises considered, Defendant requests that plaintiffs take nothing and that their claims be dismissed in their entirety with prejudice to the refiling. Defendant requests such other and further relief to which he may show himself justly entitled.

| | |
|---|---|
| Date: October 20, 2025 | Respectfully submitted. |
| | |
| **KEN PAXTON** | /s/ *Keith Ingram* |
| Attorney General of Texas | **B. KEITH INGRAM** |
| | Special Counsel |
| **BRENT WEBSTER** | Texas State Bar No. 00787746 |
| First Assistant Attorney General | |
| | **RYAN G. KERCHER** |
| **RALPH MOLINA** | Chief, Special Litigation Division |
| Deputy First Assistant Attorney General | Texas State Bar No. 24060998 |
| | |
| **RYAN D. WALTERS** | **ZACHARY BERG** |
| Deputy Attorney General for Legal Strategy | Special Counsel |
| | Tex. State Bar No. 24107706 |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | |
| P.O. Box 12548, Capitol Station | Keith.ingram@oag.texas.gov |
| Austin, Texas 78711-2548 | Ryan.kercher@oag.texas.gov |
| (512) 463-2100 | Zachary.berg@oag.texas.gov |
| | **COUNSEL FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2025, a true and correct copy of the foregoing document was served via the Court's electronic filing system to all counsel of record.

*/s/ Keith Ingram*
**B. KEITH INGRAM**