**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC., WEBGROUP CZECH REPUBLIC, A.S., NKL ASSOCIATES, S.R.O., <br><br> *Plaintiffs,* <br><br><br> v. <br><br><br> KEN PAXTON, in his official capacity as Attorney General of the State of Texas, <br><br> *Defendant.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:23-cv-00917-DAE |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
THE STATE'S AMENDED PARTIAL MOTION TO DISMISS**

Plaintiffs WebGroup Czech Republic, a.s. and NKL Associates, s.r.o ("Plaintiffs") respectfully file this Response in Opposition to Defendant Ken Paxton's Amended Partial Motion to Dismiss (Dkt. 125), filed in his official capacity as the Attorney General of the State of Texas.

**PRELIMINARY STATEMENT**

The State makes one argument in support of its motion to dismiss: Plaintiffs purportedly cannot assert a "valid § 1983 claim" because they have no constitutional rights as foreign entities. Mot. at 3-7. That is baseless on procedural grounds and on the merits. The Fifth Circuit has already held (in this case) that "plaintiffs have First Amendment rights, insofar as they are speaking in the United States," so the State's recycled arguments on that front are barred by the law of the case doctrine. *See Free Speech Coalition, Inc. v. Paxton*, 95 F.4th 263, 287 (5th Cir. 2024). And on the merits, the fact that Plaintiffs are foreign entities has no bearing on whether they can pursue

their First Amendment and preemption claims in this case—under Section 1983 or otherwise.  The Court should deny the State's motion.

## BACKGROUND

Plaintiffs brought this action to challenge the constitutionality of Texas House Bill 1181 ("H.B. 1181"), which has since been codified in Texas Civil Practice and Remedies Code section 129B.001.  H.B. 1181 has two major components: an age verification requirement and a warning-and-notice requirement.  The Court issued a preliminary injunction barring the enforcement of both components on First Amendment grounds and on the basis that Section 230 of the Communications Decency Act (codified at 47 U.S.C. § 230) preempts H.B. 1181 under the Supremacy Clause.

On appeal, a divided Fifth Circuit panel affirmed the preliminary injunction as to the warning-and-notice requirements and vacated the preliminary injunction as to the age verification component of the statute.  *See Free Speech Coalition, Inc. v. Paxton*, 95 F.4th 263 (5th Cir. 2024). Relevant here, the Fifth Circuit majority recognized that Plaintiffs have First Amendment rights. The Court also properly considered Plaintiffs' preemption claim without regard to any requirements under 42 U.S.C. § 1983.  The Fifth Circuit majority held that the age-verification requirements likely were constitutional under the First Amendment and, on the face of the then-operative complaint, found that Section 230 likely did not preempt H.B. 1181.

The Supreme Court subsequently found that H.B. 1181's age verification requirement likely passed First Amendment muster. *Free Speech Coalition, Inc. v. Paxton*, 606 U.S. 461 (2025).  But the Court did not address the constitutionality of the warning-and-notice requirements under H.B. 1181 or whether Section 230 preempts H.B. 1181.  *Id.*

Following the Supreme Court's resolution of the preliminary injunction, Plaintiffs seek to proceed with their challenge to H.B. 1181's warning-and-notice requirement as well as their claim (based on additional allegations) that Section 230 preempts H.B. 1181, thus invalidating H.B. 1181's warning-and-notice requirement and its age verification provision.  The State now moves to dismiss Plaintiffs' remaining First Amendment and preemption claims.

## ARGUMENT

### I.     Plaintiffs' First Amendment and Preemption Claims are Adequately Pleaded.

The State contends Plaintiffs fail to state First Amendment and preemption claims under Section 1983 because Plaintiffs are "foreign-based companies" that purportedly have no constitutional rights.[1]  Mot. at 2, 6.  The State's First Amendment argument is barred by the law of the case doctrine, and its arguments as to both claims fail on the merits in any event.

### A.     The State is precluded by the law of the case doctrine from relitigating Plaintiffs' First Amendment rights.

"Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in successive stages of litigation." *F.D.I.C. v. McFarland*, 243 F.3d 876, 884 (5th Cir. 2001) (cleaned up).  Relevant here, "a decision on interlocutory appeal of the grant of a preliminary injunction becomes the law of the case as to legal determinations" that must be followed on remand.  *Gaalla v. Brown*, 460 F. App'x 469, 476 (5th Cir. 2012).[2]

---

[1] The State also seemingly moves to dismiss an Eighth Amendment claim, *see* Mot. at 2, but that claim no longer exists in this case.  *See* Dkt. 123 (First Amended Complaint).

[2] "[A]n appeal of a preliminary injunction usually will not establish law of the case as to factual determinations," however, because "the lesser standard of review applied during an appeal of a preliminary injunction necessarily means that the factual issues differ from those on direct appeal." *Gaalla*, 460 F. App'x at 476.

3

The State made the same argument in opposing Plaintiffs' motion for preliminary injunction that it now reasserts in its motion to dismiss: "The [Plaintiffs] lack First Amendment rights under the U.S. Constitution." Dkt. 27 at 7; *cf.* Mot. at 4 ("The [Plaintiffs] do not have constitutional rights."). This Court rejected that argument. Dkt. 36 at 17. And the Fifth Circuit agreed on interlocutory appeal, holding that "[c]ontrary to Texas's claims, *all plaintiffs have First Amendment rights*, insofar as they are speaking in the United States." *Free Speech Coalition, Inc. v. Paxton*, 95 F.4th 263, 287 (5th Cir. 2024) (emphasis added). The State does not even *acknowledge* the Fifth Circuit's holding, much less explain why this Court should not follow that binding precedent.

Whether Plaintiffs "have First Amendment rights" is clearly an "issue of law," and the Fifth Circuit's unequivocal affirmative answer to that question in the prior appeal is thus a "binding precedent to be followed" here. *F.D.I.C.*, 243 F.3d at 884; *see also Gaalla*, 460 F. App'x at 476. The State's argument that Plaintiffs lack First Amendment rights is therefore barred by the law of the case doctrine.

**B.      The State's contentions fail on the merits.**

Even ignoring the law of the case, the State's sole argument that Plaintiffs' Section 1983 claims should be dismissed because Plaintiffs are foreign entities without constitutional rights is meritless for several reasons.

Regarding Plaintiffs' First Amendment claims, the State ignores the numerous decisions (previously cited by this Court) in which courts have recognized that foreign companies have First Amendment rights when it comes to their domestic speech. Dkt. 36 at 14-15 (collecting cases). Instead, the State (again) relies exclusively on *Agency for International Development v. Alliance for Open Society International, Inc.* and its out-of-context statement that "foreign citizens outside

the U.S. territory do not possess rights under the U.S. Constitution."   Mot. at 4 (citing 591 U.S. 430, 433-34 (2020) ("*USAID*")).   But as this Court and the Fifth Circuit have already held in this case, *USAID* is readily distinguishable because (unlike here), it dealt with foreign organizations projecting *foreign speech*. *See Free Speech Coalition*, 95 F.4th at 287.  "Here, we have foreign organizations speaking in the United States," and the Fifth Circuit "has *never* held that because of their lack of citizenship, non-Americans have no rights under the First Amendment when they speak in the United States." *Id.* (emphasis added); Dkt. 123, ¶ 1.

Indeed, the live complaint alleges threatened enforcement activity by the State to *compel* domestic speech from Plaintiffs in Texas via H.B. 1181's warning-and-notice requirements. *See* Dkt. 123, ¶¶ 32, 47, 52.  In other words, if enforced, "H.B. 1181's health warnings [would] compel only speech to visitors from Texas, [so] the organizations are effectively *only* speaking in Texas" as it relates to those warnings. *Free Speech Coalition*, 95 F.4th at 287.  As this Court and the Fifth Circuit have already found, those allegations are a far cry from *USAID*, in which "foreign nongovernmental organizations … received aid—outside the United States—to distribute outside the United States," and they "did not plan to convey their relevant speech into the United States." Dkt. 36 at 14; *see also Free Speech Coalition*, 95 F.4th at 287 (recognizing that "the district court properly distinguished *USAID*").

Moreover, "the First Amendment protects speech for the sake of the speaker *and* the recipient." *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 743 (9th Cir. 2021) (emphasis added). So, the First Amendment must apply here because, even though Plaintiffs are "outside the United States," it is undisputed that "recipients of their speech and speech-related conduct [are in the United States]." *Id.* at 743-44 (distinguishing *USAID*).

5

Regarding Plaintiffs' Supremacy Clause preemption claim, the State's focus on Section 1983 is misplaced. The State argues—in three conclusory sentences unsupported by authority—that Plaintiffs' preemption claim "must fail" because they cannot meet the Section 1983 requirements as non-U.S. citizens without constitutional rights. Mot. at 7. But the Fifth Circuit has rejected the notion that a plaintiff "must meet the requirements for an action under § 1983" to maintain a preemption claim. *See Planned Parenthood of Houston v. Sanchez*, 403 F.3d 324, 335 (5th Cir. 2005). To the contrary, "[p]reemption claims are analyzed under a different test than section 1983 claims, affording plaintiffs an alternative theory for relief when a state law conflicts with a federal statute or regulation." *Lankford v. Sherman*, 451 F.3d 496, 509 (8th Cir. 2006).

As the Fifth Circuit has put it: Plaintiffs "are not asking the [Court] to enforce their 'right' under § 1983 to secure enforcement of [Section 230]." *See Sanchez*, 403 F.3d at 335. "Rather, [Plaintiffs'] Supremacy Clause argument is fundamentally different: they argue that [H.B. 1181]" is "incompatible with [Section 230]." *Id.* "Therefore, [the Court] need not be concerned" with whether Plaintiffs have constitutional rights under the Supremacy Clause that are "enforceable under § 1983."[3] *Id.*

Plaintiffs' claims are adequately pleaded.

## II.     The Court Has Subject Matter Jurisdiction.

The State also contends in conclusory fashion that, since Plaintiffs purportedly fail to state First Amendment and preemption claims, they "have no valid claim against which to assert the … waiver of immunity provided by *Ex parte Young*." Mot. at 7. The State is wrong.

---

[3] Out of an abundance of caution, Plaintiffs reference Section 1983 in the heading for their Supremacy Clause preemption claim, but the heading of Plaintiffs' preemption claim is substantively irrelevant for Rule 12(b)(6) purposes. *See Sanchez*, 403 F.3d at 335; *see also Callier v. American-Amicable Life Ins. Co. of Tex.*, 2022 WL 17732717, at *2 (W.D. Tex. Oct. 18, 2022) ("Rule 12(b)(6) pertains to a pleading's substance[.]").

As discussed *supra* Part I, Plaintiffs' First Amendment and preemption claims are adequately pleaded. And there is otherwise no dispute that the *Ex parte Young* exception to sovereign immunity applies. "For the exception to apply, the state official [defendant], 'by virtue of his office,' must have 'some connection with the enforcement of the challenged act.'" *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)). It is undisputed that the Texas Attorney General is tasked with enforcing H.B. 1181 in his official capacity. *See* TEX. CIV. PRAC. & REM. CODE § 129B.006 ("If the attorney general believes that an entity is knowingly violating … this chapter[,] the attorney general may bring an action … to enjoin the violation, recover civil penalty, and obtain other relief the court considers appropriate."); *see also* Dkt. 123, ¶ 9 (alleging that "[t]he Attorney General of Texas is … solely and directly responsible for the enforcement of the law.").

Otherwise, *Ex parte Young* requires a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Again, it is undisputed that Plaintiffs allege an ongoing violation of both the First Amendment and the Supremacy Clause. *See, e.g.*, Dkt. 123, ¶¶ 31, 43. Nor is it disputed that Plaintiffs seek prospective relief. *See id.* at 13-14. That is all that is required. *See Verizon*, 535 U.S. at 645; *Paxton*, 943 F.3d at 997.

The Court has jurisdiction.

## **CONCLUSION**

For the foregoing reasons Plaintiffs WebGroup Czech Republic, a.s. and NKL Associates, s.r.o respectfully request that the Court deny the State's Amended Partial Motion to Dismiss.

Respectfully submitted,

**WHITE & CASE**

*/s/ Sean Gorman*
Sean Gorman
Texas Bar No. 08218100
White & Case LLP
609 Main Street, Suite 2900
Houston, TX 77002
(713) 496-9676
sean.gorman@whitecase.com

*Counsel for Plaintiffs*
*WebGroup Czech Republic, a.s. and*
*NKL Associates s.r.o.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025, a true and correct copy of this Response in Opposition to Defendant Ken Paxton's Amended Partial Motion to Dismiss was served via the Court's CM/ECF system to all counsel of record.

*/s/ Sean Gorman*
Sean Gorman
WHITE & CASE LLP

*Counsel for Plaintiffs*
*WebGroup Czech Republic, a.s .and*
*NKL Associates s.r.o.*