IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC., et al., | § | No. 1:23-cv-00917-DAE |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| KEN PAXTON, In His Official Capacity As Attorney General For The State Of Texas, | § | |
| | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Defendant Ken Paxton's ("Defendant" or "the State") Partial Motion to Dismiss the last two remaining Foreign Website Plaintiffs: Webgroup Czech Republic, a.s., ("Webgroup") and NKL Associates, s.r.o ("NKL") (collectively, "Plaintiffs" or "Foreign Websites").  (Dkt. # 125.) Foreign Website Plaintiffs timely filed an opposition, and the State did not reply in support of its motion.  (Dkt. # 127.)  The Court finds this matter suitable for disposition without a hearing.  After careful consideration of the motion, briefs, and relevant law, the Court **DENIES** Defendant's Motion to Dismiss for the reasons that follow.  (Dkt. # 125.)

1

FACTUAL BACKGROUND

This case concerns a law passed by the State of Texas that restricts access to pornographic websites by requiring digital age verification methods and warnings about the alleged harms caused by pornography.  See Act of June 12, 2023, Ch. 676, § 2 (H.B. 1181) Tex. Sess. Law Serv. (Vernon's) (hereinafter, "HB 1181").  The original Plaintiffs bringing this suit consisted of online pornography websites, performers, and advocates.  (Dkt. # 1.)  Plaintiffs challenged at least two distinct components of HB 1181: (1) the age-verification provision, and (2) the warning-and-notice requirement.  The age-verification provision required websites to use "reasonable age verification methods . . . to verify that an individual attempting to access the material is 18 years of age or older."  H.B. 1181 § 129B.002.  The warning-and-notice provision required adult content websites to post a warning about the purported harmful effects of pornography and a national helpline for people with mental health disorders.  H.B. 1181 § 129B.003.

This Court issued a preliminary injunction enjoining the enforcement of HB 1181 on August 31, 2023.  (Dkt. # 26.)  This Court's Order concluded that HB 1181 should be enjoined from enforcement because *both* provisions violated the First Amendment, and certain Plaintiffs—specifically including Webgroup—were likely to succeed on their preemption claims related to Section 230 of the Communications Decency Act, ("CDA"), 47 U.S.C. § 230.  This decision was

2

appealed, and a Fifth Circuit panel affirmed and vacated in part the preliminary injunction order on March 7, 2024.  Free Speech Coalition, Inc. v. Paxton, 95 F.4th 263, 267 (5th Cir. 2024).  Specifically, the Fifth Circuit vacated the injunction as to its conclusions on the age verification provision and concluded that HB 1181 was not preempted by Section 230 of the CDA.  Id.  However, the Panel affirmed this Court's injunction on the warning-and-notice provision.  Id.

The Fifth Circuit decision was thereafter appealed to the United States Supreme Court, which issued a decision on June 27, 2025.  (Dkt. # 79); Free Speech Coalition, Inc. v. Paxton, 606 U.S. 461 (2025).  The Supreme Court affirmed the Fifth Circuit Panel's decision on the age verification provision but did not address the issues of preemption or the warning-and-notice provision.  Id. Despite the fact that the Supreme Court found the Fifth Circuit applied the incorrect rational basis test, it nonetheless affirmed the Fifth Circuit after applying intermediate scrutiny.  Id.  The case was then remanded back to this Court. Accordingly, the two Foreign Website Plaintiffs here wish to proceed with their remaining claims related to HB 1181.  (Dkt. # 123.)

Although several of the original Plaintiffs have now voluntarily dismissed their claims against the State, there remain three Plaintiffs: (1) Free Speech Coalition, Inc. ("FSC"), (2) Webgroup, and (3) NKL.  These Plaintiffs filed their First Amended Complaint on October 6, 2025.  (Dkt. # 123.)  The First

3

Amended Complaint brings claims pursuant to Section 1983 under the First and Fourteenth Amendments, the Supremacy Clause and Section 230 of the CDA, and for declaratory judgment.  (Id. at 9–13.)  In response, the State filed the instant Motion to Dismiss, seeking dismissal only of the Foreign Website Plaintiffs, Webgroup and NKL—not FSC.  (Dkt. # 125.)  Defendant brings his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

LEGAL STANDARD

I.      Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject-matter jurisdiction.  When evaluating a Rule 12(b)(1) motion, the Court may dismiss a suit "for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

Where "the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).  In such a case, "review is limited to whether the complaint is

4

sufficient to allege the jurisdiction." Id.  The "plaintiff bears the burden of proof

that jurisdiction does in fact exist." Menchaca v. Chrysler Credit Corp., 613 F.2d

507, 511 (5th Cir. 1980).  "When a Rule 12(b)(1) motion is filed in conjunction

with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits." Ramming v.

United States, 281 F.3d 158, 161 (5th Cir. 2001); Hitt v. City of Pasadena, 561 F.2d

606, 608 (5th Cir. 1977).

II.      Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a

complaint for "failure to state a claim upon which relief can be granted."  In

analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all

well pleaded facts as true, viewing them in the light most favorable to the

plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d

343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d

191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A Court may grant a motion to dismiss for failure to state a claim based on a successful affirmative defense, "provided that the affirmative defense appears on the face of the complaint" and "[t]he pleadings . . . 'reveal beyond doubt that the plaintiffs can prove no set of facts' that would overcome the defense or otherwise entitle them to relief."  American Precision Ammunition, LLC v. City of Mineral Wells, 90 F.4th 820, 824 (5th Cir. 2024) (citing Bell v. Eagle Mountain Saginaw Indep. Sch. Dist., 27 F.4th 313, 320 (5th Cir. 2022)).

DISCUSSION

Although ordinarily the Court would first address Defendant's 12(b)(1) motion, upon review, Defendant's primary argument for a lack of jurisdiction depends on whether Plaintiffs have stated a claim under § 1983.  (Dkt. # 125.)  Thus, the Court begins with Defendant's 12(b)(6) arguments.

Defendant's primary argument is that the Foreign Websites have failed to state a § 1983 claim because (1) they are not "persons" protected by § 1983, and (2) as foreign corporations, they do not have constitutional rights.  (Dkt. # 125.)  Assuming both these assertions are true, Defendant says that Plaintiffs have no

6

valid § 1983 claim and thus cannot claim a waiver of immunity based on Ex Parte Young. (Id.) Foreign Website Plaintiffs respond that the issue of their First Amendment Rights has already been decided by the Fifth Circuit, and the law of the case doctrine applies. (Dkt. # 127 at 3–4.) The Court agrees and finds this doctrine dispositive of Defendant's entire motion.

"Under the 'law of the case' doctrine, 'a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation.'" F.D.I.C. v. McFarland, 243 F.3d 876, 884 (5th Cir. 2001) (quoting Roboserve, Inc. v. Kato Kagaku Co., 121 F.3d 1027, 1031 (7th Cir. 1997)). Although ordinarily this doctrine applies "where a final judgment is entered, the case appealed, and the case remanded," id., the Fifth Circuit has found that even an interlocutory appeal filed before final judgment is binding on a lower court on issues of law. Gaalla v. Brown, 460 F. App'x 469, 476 (5th Cir. 2012). In Gaalla, the Panel clarified that while factual determinations made on appeal of a preliminary injunction are not binding, decisions on "legal determinations" are, and "conclusions of law made by a court of appeals regarding a preliminary injunction become the law of the case, and binding on that court in further proceedings." Id.; see also Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877, 881 (5th Cir. 1993) ("As to decisions of law, the interlocutory appeal will establish law of the case.").

7

The primary legal issues raised by Defendant's Motion to Dismiss are whether the Foreign Website Plaintiffs are "persons" capable of bringing § 1983 claims, and whether they have constitutional rights.  (See Dkt. # 125.)  Upon careful review of the appellate decisions governing this case, the Court finds that this has been squarely answered already by the Fifth Circuit.

In the Panel's decision on the Court's Preliminary Injunction Order, the Fifth Circuit addressed this question in reference to all plaintiffs—including the Foreign Website Plaintiffs—"Contrary to Texas's claims, all plaintiffs have First Amendment rights, insofar as they are speaking in the United States.  We have never held that because of their lack of citizenship, non-Americans have no rights under the First Amendment when they speak in the United States, and we will not do so here."  Free Speech Coalition, Inc. v. Paxton, 95 F.4th at 287.  This at least governs the State's issue of whether the Foreign Websites have constitutional rights.

On the other issue—whether Foreign Websites Plaintiffs are "persons" capable of bringing § 1983 claims—the Court is not persuaded by Defendant's arguments.  42 U.S.C. § 1983 protects "any citizen of the United States or other person within the jurisdiction thereof" from "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983. This statute "was intended to provide a remedy, to be *broadly construed*, against all

forms of official violation of federally protected rights." Monell v. Dep't of Social Svcs. of Cty. of New York, 436 U.S. 658, 701 (1978). In light of the Fifth Circuit's determination that the Foreign Website Plaintiffs have constitutional rights, it follows that they may bring § 1983 claims to obtain a remedy for their federally protected rights. See id.

The State makes all arguments on this sub-issue in one short paragraph of their motion, saying that the Foreign Websites have not affirmatively plead that they are "persons" within the jurisdiction of the United States. (Dkt. # 125 at 3.) However, upon reviewing Plaintiffs' First Amended Complaint, it appears that both foreign websites, while domiciled abroad, host websites available in Texas that are subject to HB 1181. (See Dkt. # 123 at 8–9; 11–12.) The availability of this content in the United States suggests that the Foreign Websites are, indeed, "within the jurisdiction" of the United States. See 42 U.S.C. § 1983. Thus, the Court is persuaded that Foreign Websites are proper claimants under § 1983.

Having rejected Defendant's two primary arguments, the Court finds no reason to credit remaining arguments relying on the premise that Plaintiffs have not adequately pleaded their § 1983 claims. Finding no remaining meritorious arguments, the Court **DENIES** Defendant's Motion.

CONCLUSION

For the above-stated reasons, Defendant's Partial Motion to Dismiss (Dkt. # 125) is **DENIED**.

**IT IS SO ORDERED**.

Dated: Austin, Texas July 29, 2026.

_____
David A. Ezra
Sr. United States District Judge

10